Heather McMillan (SBN 188939)
Daniel P. Stevens (SBN 164277)
Wyatt J. Holtsclaw (SBN 277268)
STEVENS & McMILLAN
335 Centennial Way
Tustin, CA 92780
Tel.:  (714) 730-1000
Fax:  (714) 730-1067
heather@scmclaw.com
danstevens.arc@gmail.com
wyatt@scmclaw.com

Attorneys for Plaintiff
LISA SCHULLER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA SCHULLER, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | 1.  **Violation of Labor Code §1102.5** |
| FULLERTON   ORTHOPAEDIC SURGERY  MEDICAL  GROUP, INC., and DOES 1-50, INCLUSIVE, | 2.  **Violation of Labor Code §98.6** |
| | 3.  **Violation of 29 U.S.C. §1140  (ERISA §510)** |
| Defendants. | 4.  **Wrongful Termination** |
| | **JURY TRIAL DEMANDED** |

**I.    INTRODUCTION**

1.    This action arises from Defendants' unlawful termination of Plaintiff in retaliation for complaints she made to the Occupational Safety and Health Administration ("OSHA") and the Department of Labor ("DLSE").

2.    In early 2012, Defendants were unlawfully retaining Plaintiff's retirement plan contributions in their possession rather than depositing it in to Plaintiff's retirement account.  Defendants were also forcing plaintiff to work in an unsafe manner that violated OSHA standards.  Plaintiff reported these state/federal law violations to OSHA and the DLSE.

///

3. Defendant learned of Plaintiff's Complaints and promptly began to retaliate against her in the form of fraudulent writeups that were then used to justify "laying off" Plaintiff. These adverse employment actions were retaliation for Plaintiff's protected activities of complaining to OSHA and the DLSE and violated federal and state law.

## II. JURISDICTION

4. This action was previously filed in the Superior Court, County of Orange as case 30-2013-00668513-CU-OE-CJC. It was dismissed on July 10, 2014 so that it could be re-filed in federal court.

5. This Court has jurisdiction over Plaintiff's claims because this action is brought pursuant to 29 U.S.C. §1132 of the Employee Retirement Income Security Act of 1974 ("ERISA"), since it involves a claim by Plaintiff to enjoin an act or practice which violates a provision of ERISA. In addition, this Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §1331 because this action arises under the laws of the United States.

## III. VENUE

6. Pursuant to 29 U.S.C. §1132(e)(2), venue lies in the Central District of California, Southern Division, because the plan is administered in this District, the wrongful conduct occurred in this District, and Defendants have their principal place of business in this District.

## IV. PARTIES

7. At all times mentioned in this complaint, Defendant FULLERTON ORTHOPAEDIC SURGERY MEDICAL GROUP, INC. was a corporation, duly licensed, and conducting business in the County of Orange, State of California. Their principal place of business/corporate headquarters is located in California.

8. At all times mentioned in this complaint, Plaintiff LISA SCHULLER was a resident of California. During the relevant time period, Plaintiff was employed by and then terminated by Defendants.

2

9.    Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

10.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, DOE defendants were the agents and employees of their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment or were otherwise responsible for the damages complained of by the Plaintiff.

## V.    FACTUAL ALLEGATIONS

11.    Lisa Schuller commenced employment with Fullerton Orthopaedic Surgery Medical Group, Inc. on September 23, 2002 as a medical records keeper and received several promotions and raises throughout her employment.

12.    Only July 20, 2012, Ms. Schuller made a telephonic complaint to the Occupational Safety and Health Administration ("OSHA") and the Department of Labor ("DLSE").

13.    Ms. Schuller complained to OSHA because the company had her seated in a way that she could not leave her desk without asking another employee to leave her desk.  Ms. Schuller suspected this was in violation of OSHA which requires that there must be at least a 24-inch aisle between employees.

14.    Ms. Schuller complained to the Department of Labor because she had taken out two loans from her 401K in March 2009 and arranged to have the loan paid back by having $100 deducted from each of her paycheck.  However, she found that the company had been taking money out of her payroll checks for the 401K but not depositing them to Hartford.  The last time the company had paid money into her 401K was in January 2012.

15.    Kyle Aguilera from the Department of Labor told Ms. Schuller that he would need to call the company regarding her complaint so they can look into the specific history and investigate accordingly.   Ms. Aguilera called the Human

3

Resources manager, Lisa Andrade twice that day and left several messages. When Ms. Schuller arrived at work on July 23, 2012, she noticed that Ms. Andrade was both cold and abrasive to her. She also noticed that a payment was made to Hartford on July 23 to take care of the money owed. Ms. Andrade also sent a fax to Mr. Aguilera to provide proof that the payment was made.

16.   On July 26, 2012, Ms. Andrade wrote Ms. Schuller up. The only other time Ms. Schuller had ever received a complaint was five years before. They told her that her total EFT and batch summary totals were not the same on one particular day from three or four months ago. However, Ms. Schuller had balanced it and, in compliance with standard protocol, had shown it to Ms. Andrade at the time of entry which Ms. Andrade approved.

17.   Ms. Schuller was terminated on August 13, 2012 when she was told that she was part of a "lay off." The only other person who got laid off was Cheryl Box, another long term employee who apparently sued the company many years ago for sexual harassment.

18.   The plaintiff followed formal notice and waiting procedures pursuant to §2699 by filing complaints with the Labor and Workforce Development Agency ("LWDA") and more than 33 days have passed with no response from the LWDA.

## FIRST CLAIM

(Violation of Labor Code § 1102.5 - Whistle Blower)

(By Plaintiff against Fullerton Orthopaedic Surgery Medical Group, Inc. and Does 1 through 50)

19.   Plaintiff hereby incorporates by reference paragraphs 1 through 18, inclusive, of this complaint as if fully set forth.

20.   This cause of action is brought pursuant to California Labor Code section 1102.5 which prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation

4

of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

21.     Plaintiff filed a complaint with OSHA and the Department of Labor that defendant employer was violating OSHA standards and money was being taken out of her paychecks and not deposited into Hartford.

22.     Defendants discovered that Plaintiff made the complaint and retaliated by unfairly reprimanding and ultimately terminating her.

23.     As a direct and proximate result of Defendant's unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

24.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

25.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants.

26.     Under Labor Code 98.6, Plaintiff also seeks the remedy of reinstatement and reimbursement for lost wages from the defendant.

## SECOND CLAIM

(Violation of Labor Code § 98.6 - Retaliation)

(By Plaintiff against Fullerton Orthopaedic Surgery Medical Group, Inc. and Does 1 through 50)

27.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, of this complaint as if fully set forth.

28.     This cause of action is brought pursuant to California Labor Code section 98.6 which prohibits an employer from retaliating against an employee for

5

filing a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.

29.  Plaintiff filed a complaint with OSHA and the DLSE that Defendant employer was violating OSHA standards and money was being taken out of her paychecks and not deposited into Hartford.

30.  After Defendant discovered that Plaintiff made the complaints, Defendant retaliated by unfairly reprimanding and ultimately terminating Plaintiff.

31.  As a direct and proximate result of Defendant's unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

32.  As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

33.  Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants.

34.  Under Labor Code § 98.6, Plaintiff also seeks the remedy of reinstatement and reimbursement for lost wages from the defendant.

///

///

///

///

///

///

6

## THIRD CLAIM

(Retaliation in Violation of 29 U.S.C. § 1140 (ERISA § 510 - Whistleblower Provision))

(By Plaintiff Against Fullerton Orthopaedic Surgery Medical Group, Inc. and Does 1 through 50)

35.    Plaintiff hereby incorporates by reference paragraphs 1 through 34, inclusive, as though fully set forth at this point.

36.    This cause of action is brought forth pursuant to 29 U.S.C. § 1140 of the Employee Retirement Income Security Act of 1974 ("ERISA") which makes it unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan.

37.    Defendant and/or each of its agents/employees engaged in a pattern and practice of conduct in violation of 29 U.S.C. § 1140 (ERISA § 510) when Defendant and/or each of its agents/employees retaliated against Plaintiff after Plaintiff's complaint to the DLSE that money was being taken out of Plaintiff's payroll checks but not deposited into her Hartford account.  Plaintiff's complaint to the DLSE was protected by 29 U.S.C. § 1140 and Defendant terminated Plaintiff's employment, at least in part, for engaging in such protected activity.

38.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses, and may recover attorneys' fees in the court's discretion.

///

///

///

///

///

7

**FOURTH CLAIM**

(Wrongful Termination)

(By Plaintiff Against Fullerton Orthopaedic Surgery Medical Group, Inc.

and Does 1 through 50)

39.     Plaintiff  hereby incorporates  by reference paragraphs 1 through 38, inclusive, as though fully set forth at this point.

40.     Plaintiff alleges that the discharge was wrongful because it was in violation of the public policy of the State of California as set forth in California Labor Code s §§ 1102.5 and 98.6, the applicable provisions of the  Employee Retirement Income Security Act of 1974, and Section 8 of the Constitution of the State of California as set forth more fully herein.

41.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff  has  suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

42.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues  to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

43.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

**As to the First and Second Claims:**

1.     For general and compensatory damages;

2.     For special damages;

3.     Reinstatement and reimbursement for lost wages under Labor Code

8

1         §98.6;

2         4.     For prejudgment interest on all amounts claimed that are readily

3 ascertainable;

4         5.     For punitive damages; and

5         6.     For such other and further relief that the court considers proper.

6 **As to the Third Claim:**

7         1.     For general and compensatory damages;

8         2.     Reinstatement and reimbursement for lost wages;

9         3.     For all available damages according to proof;

10         4.     For reasonable attorney's fees and costs of the action pursuant to 29

11 U.S.C. §1132(g) ; and

12         5.     For such other legal or equitable relief as the court considers proper.

13 **As to the Fourth Claim:**

14         1.     For general and compensatory damages;

15         2.     For special damages according to proof;

16         3.     For punitive damages;

17         4.     For prejudgment interest on all amounts claimed that are readily

18 ascertainable;

19         5.     For fees and costs;  and

20         6.     For such other and further relief that the court considers proper.

21                            STEVENS & McMILLAN

22

23 Dated: July 14, 2014            By:    /s/   Daniel P. Stevens

24                             DANIEL P. STEVENS
                             Attorney for Plaintiff
                             LISA SCHULLER

25

26

27

28

**Complaint for Damages**

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury on all issues so triable.

3

STEVENS & McMILLAN

4

Dated: July 14, 2014                    By:     /s/   Daniel P. Stevens

5

DANIEL P. STEVENS
Attorney for Plaintiff

6

LISA SCHULLER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**Complaint for Damages**